IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JESSICA MORRIS CHRISTENSEN, *individually and on behalf of similarly situated persons,* | ) ) ) | |
| Plaintiff, | ) ) | Case No. 7:19cv00792 |
| v. | ) ) | **ORDER** |
| BB&C ENTERPRISES, LLC, d/b/a Domino's Pizza, | ) ) ) | By:   Hon. Thomas T. Cullen          United States District Judge |
| Defendant. | ) ) | |

On May 25, 2021, the parties filed a Joint Motion for Settlement Approval of Plaintiffs' single Fair Labor Standards Act ("FLSA") claim against Defendant. (ECF No. 14.) On June 23, 2021, the court held a hearing on the proposed settlement agreement. *See* 29 U.S.C. § 216(b); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir 1982). Because the court believed that the proposed settlement and notice to potential class members violated the FLSA, it ordered the parties to brief their position that, contrary to 29 U.S.C. § 216(b), potential class members could be notified that their potential FLSA claims were "opt-out" claims as opposed to "opt-in." *See, e.g.*, *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006) ("[T]here is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). The *LaChappelle* [*v. Owens-Illinois, Inc.*, 513 F.2d 286, 288–89 (5th Cir. 1975)] Court noted that Rule 23(c) provides for 'opt out' class action while FLSA § 16(b) allows as class members only those who 'opt in.' These two types of class actions are mutually exclusive and irreconcilable."). The parties never provided any authority for their position.

Instead, Plaintiffs filed an amended complaint asserting one FLSA claim and one state law claim. (ECF No. 32.) In light of a new, operative complaint being filed, as well as the parties unexplained failure to address the court's briefing order, the court denied the joint motion for settlement approval on July 15, 2021. (ECF No. 33.)

Plaintiffs have now filed a stipulation of dismissal without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii). (ECF No. 34.) In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit held that stipulated dismissal "with prejudice" under the FLSA required the approval of the district court or the Department of Labor ("DOL") to take effect. 796 F.3d 199, 206 (2nd Cir. 2015). That court left "for another day the question of whether parties may settle such cases without court approval or DOL supervision by entering into a Rule 41(a)(1)(A) stipulation without prejudice." *Id.* at 201 n.2.

While it is not clear from Plaintiffs' stipulation, the extensive history of this case suggests that the parties have reached a settlement and are seeking to execute it without court approval. Accordingly, the parties are **ORDERED** to file a joint statement of this case—including whether this stipulated dismissal is part of any bargained-for process—within 10 days from the date of this Order. If the parties have reached a settlement, the parties *must* present authority to support the position they impliedly advance: that they may dismiss this case and effect the settlement without court or DOL oversight or approval.

The clerk is directed to forward a copy of this Order to all counsel of record.

**ENTERED** this 26th day of August, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE