IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JESSICA MORRIS CHRISTENSEN *individually, and on behalf of similarly situated persons*, </br></br>Plaintiff, </br></br>v. </br></br>BB&C ENTERPRISES LLC, </br></br>Defendant. | Civil Action No. 7:19-cv-00792 </br></br>**ORDER** </br></br>By:  Hon. Thomas T. Cullen </br>       United States District Judge |

# ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**THIS MATTER** is before the court on Plaintiff Jessica Morris Christensen's ("Plaintiff") Unopposed Motion for Final Approval of Settlement Agreement. (ECF No. 45.) The court held a hearing on the motion on March 1, 2022 and, for the reasons that follow, the court will grant the motion.

**1.    Background**

This is a wage-and-hour lawsuit brought on behalf of a class of pizza-delivery drivers who worked at Domino's Pizza stores allegedly owned and operated by Defendant BB&C Enterprises, LLC ("Defendant"). (*See* Compl. ¶ 1 [ECF No. 1].) Plaintiff filed her complaint on November 26, 2019. (*See id.*) On April 6, 2020, the parties filed a Joint Motion to Stay Proceedings to explore settlement of this action. (*See* ECF No. 4.) The court granted the motion the same day. (ECF No. 5.)

The parties participated in an alternative dispute resolution ("ADR") process that included a full-day, in-person mediation before retired Magistrate Judge R. Bradford Stillman. (*See* ECF No. 45, at 3.). At the mediation, the parties reached a settlement in principle and, after additional direction from this court in the months that followed, reached the Settlement Agreement now before this court. (*See id.*, at 3–4.)

The parties negotiated the Settlement Agreement on behalf of a Settlement Class of Delivery Drivers defined as:

> All delivery drivers who worked for Defendant during the period of November 26, 2016 to November 9, 2021.[1]

Plaintiff's primary claim in this lawsuit is that Defendant paid delivery drivers at or close to minimum wage and, at the same time, required delivery drivers to pay for their own delivery expenses like vehicle maintenance, insurance, vehicle wear and tear, etc., but failed to sufficiently reimburse the drivers for these costs. Plaintiff claims that Defendant's reimbursement practices resulted in a violation of the Fair Labor Standards Act ("FLSA") and Virginia law. Defendant denies Plaintiff's claims and believes it paid and reimbursed its delivery drivers properly. Defendant also denies that Plaintiff's claims are proper for class or collective action treatment, except for purposes of settlement.

---

[1] The court's November 9, 2021, order preliminarily approving the class settlement defined the class as "All delivery drivers who worked for BB&C Enterprises, LLC d/b/a Domino's Pizza from November 26, 2016, to November 8, 2021." (ECF No. 43, at 1.) The Plaintiff's motion for preliminary approval, however, requested that the class be defined as "All delivery drivers who worked for Defendant during the period of November 26, 2016 to [the date the Court grants Preliminary Approval of this Settlement]." (ECF No. 42, at 4.) The court granted approval on November 9, 2021, and the parties accordingly notified potential class members that the class included delivery drivers employed on that date. (*See* ECF No. 45-1, at 7.) Accordingly, the court finds that the settlement class includes those drivers employed on November 9, 2021, and the above settlement class definition is accurate.

**2.     The Settlement Agreement**

The parties' Settlement Agreement provides for a total settlement amount of $225,000.00. After deducting administration costs, attorney's fees, litigation expenses, and the service awards for Plaintiffs, class members will each receive a *pro rata* share of the settlement fund based on (1) the number of miles they drove during the settlement period and (2) whether they filed an opt-in form in this lawsuit. The distributions made in connection with the Settlement Agreement are as follows:

i. FLSA Settlement Fund

   a) $90,000.00 of the settlement amount will be distributed to the Class Representatives, including Plaintiff, the Class Representatives, and the 102 claimants who affirmatively opted-in to the settlement based on the claimants' total delivery miles driven and pursuant to the terms of the Settlement Agreement.

   b) The proceeds of any uncashed "stale" checks issued as part of the FLSA Settlement Fund will be distributed to the Contingency Fund.

ii. Rule 23 Class Settlement Fund

   a) $25,000.00 of the settlement amount will be distributed to the 583 Class Members who did not affirmatively choose to opt in or out of the Settlement Agreement.

   b) Each of the 583 Class Members will receive an average $42.88 minimum payment and retain all rights under federal law pursuant to the FLSA's opt-in requirements.

   c) The proceeds of any uncashed "stale" checks issued as part of the Rule 23 Class Settlement Fund will be distributed to the Contingency Fund.

iii. Contingency Fund

   a) No less than $15,025.73 will be initially held in the Contingent Fund, which includes an initial $10,000 allocated to the Contingent Fund by the Settlement Agreement and $5,025.73 of the unused portion funds

                    allocated to Plaintiff's Counsel's under the Settlement Agreement. The Contingent Fund will be further supplemented by any unclaimed funds.

        b)     All Settlement Class Members (or delivery drivers who worked for Defendant from November 26, 2016, through November 9, 2021) who have not excluded themselves from the Settlement Agreement nor opted-in to the settlement remain eligible to submit a claim for up to the full amount of their share of the FLSA Settlement Fund.

        c)     Any unclaimed amounts in the Contingency Fund will be distributed to Defendant after three years, or at the conclusion of the total potential statute of limitations period.

iv.     Claims Administrator Costs

        a)     $10,000.00 of the settlement amount will be distributed to CAC Services Group, LLC, the Administrator, for costs incurred in administering the settlement, including the mailing of notices, forwarding of return notices, processing claim forms, mailing individual checks, and any and all related or corresponding efforts.

        b)     Any remaining and unused funds will be distributed to the Contingent Fund.

v.     Class Representative Service Payments

        a)     $5,000.00 of the settlement amount will be distributed to the Class Representative and the Opt-In Class Representatives in recognition of the work involved and benefits achieved on behalf of the class.

            **1.**     A $2,000 Service Payment will be distributed to Plaintiff Jessica Morris Christensen.

            **2.**     A $1,000 Service Payment will be distributed to each of the following opt-in Plaintiffs: Patricia Bobbitt, Anthony Christensen, Billy Davison.

        b)     To receive Service Payments, each individual was required to execute an additional, separate general release of claims.

    vi.    Class Counsel Attorneys' Fees and Costs

          a)    $79,974.27 of the settlement amount will be distributed to class counsel for attorneys' fees for work performed and any work remaining to be performed as part of this Settlement Agreement, and for costs and expenses incurred in this action.

The Settlement Agreement provides for the following release:

> FLSA Class Members' Released Claims: Upon the Effective Date of the Settlement, the FLSA Class Members (those who submit valid and timely Claim Form) will release and forever discharge Defendant, and each of its former and present predecessors, successors, parents, subsidiaries, franchisors, insurers, attorneys and affiliates, whatever their current or former legal names or legal entity status, and each of their respective current and former owners, officers, directors, employees, partners, shareholders, attorneys and agents (including Rick Clark and Zachary Barrett), and any other successors, assigns, or legal representatives ("Released Parties"), from any and all claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown, for the period November 16, 2016 to the date the Court grants preliminary approval of the Settlement ("Release Period"), including claims that arise under the FLSA, Virginia wage and hour law or common law, or any similar federal, state, municipal, or local laws, which arise out of, are based on, or encompass facts asserted in the Action, including claims such as expense reimbursement claims; meal and rest break claims; dual job/80-20 claims; tip credit claims; and notification, posting and record claims. Without limiting the generality of the foregoing, the claim preclusion effect of this Settlement, and the judgment thereon, for *res judicata* purposes shall be co-extensive with this release of claims (collectively, the "Released Claims").
>
> Rule 23 Class Members' Released Claims: Upon the Effective Date of the Settlement, the Rule 23 Class Members (Settlement Class Members other than those who submit valid and timely Exclusion Letters) will release and forever discharge Defendant, and each of its former and present predecessors, successors, parents, subsidiaries, franchisors, insurers, attorneys and affiliates, whatever their current or former legal names or legal entity status, and each of their respective current and former owners, officers, directors, employees, partners, shareholders, attorneys and agents, and any other successors, assigns, or legal representatives ("Released Parties"), from any and all claims, rights, demands, liabilities, and causes of action of every nature and description, whether known or unknown, for the period from November 16, 2016

>to the date the Court grants preliminary approval of the Settlement to ("Release Period"), including claims that arise under, Virginia wage and hour law or common law, or any similar state, municipal, or local laws, which arise out of, are based on, or encompass facts asserted in the Action, including claims such as mileage reimbursement claims; meal and rest break claims; dual job/80-20 claims; tip credit claims; and notification, posting and record claims. Without limiting the generality of the foregoing, the claim preclusion effect of this Settlement, and the judgment thereon, for *res judicata* purposes shall be co-extensive with this release of claims (collectively, the "Released Claims").

### 3. The Settlement Agreement is Fair, Reasonable, and Adequate.

Rule 23(e) requires court approval for a class action settlement so that it is procedurally and substantively fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e)(2). In the Fourth Circuit, courts consider the following to determine whether the requirements of Rule 23(e) have been met: (1) fairness, which focuses on whether the proposed settlement was negotiated at arm's length; and (2) adequacy, which focuses on whether the consideration provided to the class members is sufficient. *See McLaurin v. Prestage Foods, Inc.*, No. 7:09-CV-100-BR, 2011 WL 13146422, at *3 (E.D.N.C. Nov. 9, 2011) (citing *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991)).

To determine whether a proposed settlement is fair, courts consider the following factors: "(1) the posture of the case at the time settlement was proposed; (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area of the class action litigation." *In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg.*, 952 F.3d 471, 482 (4th Cir. 2020). Here, this settlement was achieved after months of arms-length negotiations by experienced counsel following an exchange of informal discovery with class-wide data and helped by a full-day mediation session with a well-respected mediator experienced in resolving wage-and-hour

6

matters. Moreover, the parties modified aspects of the original agreement after receiving input and guidance from the court during the preliminary approval process. Accordingly, the court finds that the settlement is the product of fair and honest negotiations.

To determine whether a proposed settlement is adequate, courts consider the following factors: "(1) the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendant and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement." *McAdams v. Robinson*, No. 21-1087, 2022 WL 401806, at *6 (4th Cir. Feb. 10, 2022). Here, while Plaintiff believes her case is strong, Defendant denies her allegations and, absent settlement, was prepared to put forth a vigorous defense, which would require the parties to incur significant associated costs, including fact *and* expert discovery. (*See* ECF No. 45, at 9–11.) The parties further acknowledge the risk that the case could not be certified as a class action at all and that they would incur significant costs in briefing and arguing the issue regardless. (*See id.*)

In light of the strengths and weaknesses of the case, the settlement falls within the range of reasonableness because it achieves a significant benefit for Plaintiff and the Class Members in the face of significant obstacles. While there is a possibility that the Class could recover more money after trial, the Settlement Agreement provides the significant benefit of a guaranteed and substantial payment to Class Members rather than a speculative payment of a hypothetically larger amount years down the road. *See In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 663 (E.D. Va. 2001). Given the risks and costs of protracted litigation and

uncertainty surrounding class members' ability to recover, the court finds that the immediate recovery provided for in the parties' settlement agreement outweighs the possibility of greater future relief. Finally, no class members objected to the settlement, nor have any class members requested exclusion from the settlement. (*See* ECF No. 45, at 5.)

Likewise, the court determines that the settlement is a reasonable compromise of a bona fide dispute of the claims and defenses in this matter, and there is nothing in the record to suggest that the settlement would otherwise frustrate the implementation of the FLSA. *See Lomascolo v. Brinckerhoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at *16 (E.D. Va. Sept. 28, 2009)(citing to *Lynn's Food Stores Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Houston v. URS Corp.*, No. 1:08cv203, 2009 WL 2474055, at *5 (E.D. Va. Aug. 7, 2009)("When a settlement agreement has been the subject of arm's-length bargaining, with class counsel in a position to evaluate accurately the chances of the class prevailing if the case went to trial and where no objections are raised by any of the affected parties, there is a strong presumption in favor of the settlement.").

### 4. The Settlement Agreement Provides Reasonable Fees, Expenses, and Service Awards.

As part of the settlement, Plaintiff's counsel asks the court to approve an attorneys' fees award of one-third of the settlement fund, *i.e.*, $75,000.00, and an award for counsel's cost in the amount of $4,974.27, or $5,025.73 less than the $10,000.00 originally provided by the Settlement Agreement after conducting a final accounting. Defendant does not object to the requested fee or cost award.

An attorneys' fee award of one-third of the total settlement fund plus litigation expenses is appropriate in a wage-and-hour case. Here, whether analyzed under a percentage-

of-fund or lodestar/multiplier approach—two methods applied by Fourth Circuit courts to assess the reasonable of requested fee awards—Plaintiff's counsel's request for $75,000.00 in attorneys' fees is well within the range of reasonableness. Plaintiff's counsel's request for $4,974.27 in costs is likewise reasonable, particularly where it comprises less than half of the $10,000 this court had already preliminarily approved.

  **5.  The Settlement Agreement Provides Reasonable Service Awards.**

As part of the settlement, Plaintiff also asks the court to approve a service award totaling $5,000.00, with $2,000.00 to the Plaintiff and Class Representative, and $1,000.00 to each of the Opt-in Class Representatives, or early opt-in plaintiffs. The court finds that these plaintiffs provided valuable insight to class counsel throughout the case, and their efforts resulted in substantial payments to the class. Particularly in light of the modest amount of each of the awards, the court finds that Plaintiff's request for a total of $5,000.00 in service awards as provided by the Settlement Agreement is well within the range of reasonable.

  **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Final Approval is **GRANTED**. The court **ORDERS:**

  1.  For the purpose of this settlement, the court certifies the following class:

All delivery drivers who worked for Defendant during the period of November 26, 2016, to November 9, 2021.

  2.  For the purpose of this settlement, the court finds that:

    a.  The requirements of Rule 23 of the Federal Rules of Civil Procedure and the FLSA are satisfied, and a class/collective action is an appropriate method for resolving the disputes in this litigation.

    b.  The Class Members are ascertainable and too numerous to be joined. For purposes of settlement, there are questions of law and fact common to all

    Class Members. These issues predominate over individual issues and should be determined in one proceeding with respect to all Class Members.

  c. This class/collective action is appropriate and the superior mechanism for adjudicating and resolving this action.

  d. The settlement is a reasonable compromise of a bona fide dispute of the claims and defenses in this matter, and there is nothing in the record to suggest that the settlement would otherwise frustrate the implementation of the FLSA.

3. Defendant has complied with all obligations pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, with respect to this class action settlement.

4. The court finds that a total settlement amount of $225,000.00 is a fair compromise of highly contested claims. The proposed settlement will provide the Settlement Class Members with adequate compensation for their claims in this case and, given the contested nature of the claims and the complexity of issues involved, assurance of relief. Moreover, the benefit of obtaining such relief in light of the costs, risks, and delay of trial favors approval. Pursuant to the terms of the Settlement Agreement, this amount is to be distributed as follows:

  a. The costs of the Settlement Claims Administrator are approved in the amount of $10,000.00.

  b. The proposed Service Payments to the Class Representatives are approved in the amount of $5,000.00.

  c. The payment of attorney's fees to class counsel and reimbursement of class counsel's actual costs and litigation expenses is approved in an amount of $79,974.27.

  d. The $90,000.00 FLSA Settlement Fund will be distributed to the Named Plaintiff, the Class Representatives, and 102 claimants who affirmatively opted-in to the settlement based on total delivery miles driven by each FLSA Class Member and pursuant to the terms of the Settlement Agreement.

  e. The $25,000.00 Rule 23 Class Settlement Fund will be distributed to the 583 Class Members that neither affirmatively chose to opt-in nor out of the Agreement. These individuals will receive an average $42.88 minimum payment and retain all rights under federal law and pursuant to the FLSA's opt-in provisions.

  f. No less than $15,025.73 will be held in the Contingent Fund. This amount includes the $10,000.00 initially allocated to the Contingent Fund, the $5,025.73 of Plaintiff's counsel's unused funds, and will be further supplemented by unclaimed funds. Under the terms of the Settlement Agreement, all Settlement Class Members who have neither excluded themselves from the settlement nor opted-in to the settlement remain eligible to submit a claim for up to the full amount of their share of the FLSA Settlement Fund from this fund for an additional three years.

5. All Settlement Class Members are permanently enjoined from prosecuting against Defendant and the Released Parties any and all of the Settlement Class Members' Released Claims during the applicable Release Period.

6. Named Plaintiff is permanently enjoined from prosecuting against Defendant and the Released Parties any and all of the Named Plaintiff's Released Claims during the applicable Release Period; and

7. The action is **DISMISSED WITH PREJUDICE** in accordance with the terms of the Settlement Agreement. The court retains continuing jurisdiction over the action to enforce, interpret, and otherwise implement the settlement and the Settlement Agreement.

The clerk is directed to forward a copy of this Order to all counsel of record.

**ENTERED** this 2nd day of March, 2022.

            */s/ Thomas T. Cullen*
            HON. THOMAS T. CULLEN
            UNITED STATES DISTRICT JUDGE